UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS

PAUL TOCE

CIVIL ACTION

NO. 15-94-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 15, 2015.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN POULLARD (#98999)

VERSUS

PAUL TOCE

CIVIL ACTION

NO. 15-94-SDD-RLB

## REPORT AND RECOMMENDATION

This matter comes before the Court on the cross-motions for summary judgment of the plaintiff and defendant Dr. Paul Toce (R. Docs. 30 and 39).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Paul Toce, complaining that the defendant violated the plaintiff's constitutional rights through deliberate indifference to his serious medical needs.

The plaintiff moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, and uncertified attachments to his Motion for Summary Judgment consisting of a Louisiana State Board of Medical Examiners' Consent Order bearing the caption "*In the Matter of Paul Marion Toce, Jr., M.D.*," two printouts from internet websites regarding Tegretol (Carbamazepine), the defendant's responses to the plaintiff's Request for Admissions, the plaintiff's Request for Administrative Remedy Procedure at the First and Second Steps (LSP-2014-0148), correspondence from the plaintiff to Dr. Toce dated December 1, 2013, the plaintiff's Request for Administrative Remedy Procedure at the First and Second Steps (LSP-2014-2346) and the results thereof, a sworn "Affidavit" of the plaintiff provided under penalty of perjury, a Health Care Request Form dated July 9, 2013, and the Affidavit of Dr. Randy Lavespere.

The defendant moves for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the plaintiff's medical records, and the affidavits of defendant Dr. Paul Toce and Dr. Randy Lavespere, Medical Director.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra,* 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must

review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc*., 939 F.2d 1257, 1263 (5th Cir.1991).

In his Complaint, as amended, the plaintiff alleges that defendant Dr. Toce prescribed Tegretol for pain on the right side of the plaintiff's head and face, but failed to monitor the plaintiff for side effects, specifically damage to the liver and bone marrow, from November 7, 2012 through May 6, 2014. The plaintiff further alleges that when he complained of liver pain in October of 2013, Dr. Toce increased the plaintiff's dosage of Tegretol from 400mg per day to 800mg per day. The plaintiff additionally alleges that he complained to Dr. Randy Lavespere on May 6, 2014, regarding a problem with the Tegretol medication, and Dr. Lavespere discontinued the Tegretol and prescribed Keppra. The plaintiff asserts that Dr. Toce intentionally treated him incorrectly by knowingly exposing the plaintiff to a substantial risk of serious harm (damage to his liver and bone marrow), and was deliberately indifferent to his serious medical needs.

The defendant responds by contending that he is entitled to qualified immunity in connection with the plaintiff's claim. Specifically, the defendant contends that the evidence will show that the defendant did not in fact violate the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 Fed. Appx. 398 (5th Cir.2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as

a broad, general proposition. *Id*. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id*. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir.2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and Regulatory Services*, 537 F.3d 404, 419 (5th Cir.2008), *citing Michalik v. Hermann*, *supra*, 422 F.3d at 262.2

      Undertaking the qualified immunity analysis, the Court finds that the defendant's motion should be granted. In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must be able to show that appropriate medical care has been denied and that the denial has constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). Whether the plaintiff has received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, *supra*. Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994). As stated in *Farmer*, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

the inference." *Id.* at 837.  The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*.  Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

Applying the foregoing principles, it is clear that the plaintiff has failed to state a claim of deliberate medical indifference on the part of defendant Dr. Toce.  The plaintiff does not allege that Dr. Toce refused to treat him or delayed treating him.  Instead, he alleges that Dr. Toce provided incorrect or negligent treatment by prescribing Tegretol and failing to monitor the plaintiff for side effects.  While Dr. Toce's actions might amount to malpractice, this allegation, without a further showing of deliberate indifference to serious medical needs, does not rise to the level of a constitutional violation.  A prison physician's negligence or malpractice does not typically rise to the level of cruel and unusual punishment within the meaning of the Eighth Amendment.  *See*, *e.g*., *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999); *see also Farmer*, 511 U.S. at 835.  The plaintiff offers nothing more than conclusory allegations that Dr. Toce intentionally treated him wrong.  The plaintiff also does not allege or point to circumstances that would suggest that Dr. Toce prescribed Tegretol with knowledge that the medication would pose "a substantial risk of serious harm," or that such a risk would have been obvious, and that Dr. Toce "disregard[ed] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

The plaintiff has not presented any competent evidence to contravene the facts stated in the defendant's motion, much less evidence sufficient to meet his burden of proof, and to rebut the defendant's assertion of qualified immunity.  The evidence submitted by the defendant is directly contrary to the plaintiff's unsupported allegations.  The plaintiff's medical records (R. Docs. 31-1 to 31-12) contain no evidence of liver or bone marrow damage, only the plaintiff's subjective complaints of liver pain which were vague and unsupported upon physical examination.  Furthermore, the plaintiff was examined by Dr. Toce and other medical providers numerous times during the course of his Tegretol therapy.  Based upon the foregoing and upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, and failure to provide competent supporting evidence on his own behalf, the Court concludes that the defendant's motion is well-taken and that, on the record before the Court, the defendant is entitled to summary judgment as a matter of law.

Finally, to the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court is authorized to decline the exercise of supplemental jurisdiction if the state law claims raise novel or complex issues of state law, if the claims would substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367.  In the instant case, inasmuch as the Court recommends that the plaintiff's federal claims asserted in this proceeding be dismissed, it is appropriate that the Court decline the exercise of supplemental jurisdiction in connection with any potential state law claims.

**RECOMMENDATION**

It is recommended that the Court decline the exercise of supplemental jurisdiction over the plaintiff's state law claims. It is further recommended that the plaintiff's motion for summary judgment (R. Doc. 39) be denied and that the motion for summary judgment of defendant Dr. Paul Toce (R. Doc. 30) be granted, dismissing the plaintiff's claims asserted against the defendant, with prejudice, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on December 15, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**